UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Donald Dean Simonds, Jr., ) | Case No. 8:15-cv-3254-PMD-JDA |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| M. Travis Bragg, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment. [Doc. 12.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 11, 2015.[1] [Doc. 1.] On October 19, 2015, Respondent filed a motion to dismiss or, in the alternative, for summary judgment, along with a supporting memorandum and exhibits.[2] [Doc. 12.] On October 20, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on August 11, 2015. [Doc. 1-1 (envelope stamped by correctional institution on August 11, 2015).]

[2] As matters outside of the pleadings were submitted by the parties, the undersigned will treat this motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

failed to adequately respond. [Doc. 13.] Petitioner's response in opposition was filed on November 30, 2015 [Doc. 15], and additional attachments were filed on December 2, 2015 [Doc. 17]. Respondent's reply was filed on December 10, 2015. [Doc. 18.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion be granted and the Petition be denied.

## ARGUMENTS OF PARTIES

Currently, and at the time he filed the Petition, Petitioner is incarcerated at FCI Bennettsville. [Doc. 1 at 1.] Petitioner filed this action challenging the execution of his federal sentence. Specifically, Petitioner argues that the Bureau of Prisons ("BOP") miscalculated the computation of his federal sentence. [Doc. 1-1 at 2.] Petitioner seeks a recalculation of his federal sentence to reflect the sentencing court's recommendation for a start date of July 1, 2011, the date federal authorities borrowed Petitioner from state authorities via a writ of habeas corpus ad prosequendum. [Doc. 1 at 9.] Alternatively, Petitioner requests that his federal sentence be recalculated to begin on March 18, 2012, the date the Missouri Parole Board indicated he would be paroled. [*Id.* at 9–10.]

Respondent submitted the declaration of Grace Woods-Coleman ("Woods-Coleman") who attests that she is employed by the United States Department of Justice, Federal BOP, as a Management Analyst at the Designations and Sentence Computation Center ("DSCC") located in Grand Prairie, Texas. [Doc. 12-1 at 2 ¶ 1.] The DSCC is responsible for the computation of federal inmate sentences. [*Id.*] Woods-Coleman reviewed the federal sentence computation conducted on the federal term of imprisonment for Petitioner. [*Id.* at 2 ¶ 2.] Petitioner was arrested in Jasper County, Missouri, and charged in Jasper Circuit Court by the state of Missouri, with possession of a controlled

substance with intent to distribute; tampering with physical evidence; and endangering the welfare of a child in Case Number 10AO-CR01506. [*Id.* at 3 ¶ 6.] He was also charged with kidnapping in Case Number 10AO-CR01503. [*Id.*] At the time of Petitioner's arrest, he was on parole for the state of Missouri from two prior convictions in Case Numbers 08AO-CR00910-01 and 08AO-CR00549-01. [*Id.* at 3–4 ¶ 6.]

On October 21, 2010, the State of Missouri dismissed Case Number 10AO-CR01503. [*Id.* at 4 ¶ 7.] Subsequently, on December 9, 2010, the State of Missouri dismissed Case Number 10AO-CR01506. [*Id.*] Petitioner remained confined pending a parole violation hearing, and on December 29, 2010, his parole was revoked. [*Id.*]

On July 1, 2011, the United States Marshals Service ("USMS") borrowed Petitioner from the State of Missouri authorities via a writ of habeas corpus ad prosequendum to appear in federal court. [*Id.* at 4 ¶ 8; 18.]

On January 30, 2012, the Missouri Department of Corrections Board of Probation and Parole decided to grant Petitioner parole on March 18, 2012; however, the Board of Probation and Parole subsequently determined that it was not possible for Petitioner to be released on March 18, 2012, as he was out on the federal writ. [*Id.* at 4 ¶ 9; 20–23.] He continued to receive credit toward satisfaction of his Missouri state sentences from August 19, 2010, until September 30, 2013, when he was paroled by the state of Missouri. [*Id.*]

On August 30, 2013, Petitioner was sentenced to a 120-month term of federal imprisonment by the United States District Court for the Western District of Missouri for conspiracy to distribute methamphetamine. [*Id.* at 4 ¶ 10; 25.] This sentence was ordered to be served concurrently with the terms imposed in Jasper Circuit Court Case Numbers 08AO-CR00910-01 and 08AO-CR00549-01, and the BOP designated the Missouri

Department of Corrections as the place for service of his federal sentence in accordance with 18 U.S.C. § 3621. [*Id.* at 4–5 ¶ 10; 45.]

On September 13, 2013, Petitioner was returned to the Missouri Department of Corrections to serve the remainder of his state sentences. [*Id.* at 5 ¶ 11.] The BOP filed a detainer for Petitioner to be picked up by the USMS for service of his federal service if paroled from his state sentence. [*Id.*] On September 13, 2013, the Missouri Board of Probation and Parole released Petitioner on parole, and he was picked up by the USMS the same day to begin his federal sentence. [*Id.*] Petitioner's projected release date from federal custody is May 16, 2022. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Haines*, 404 U.S. at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion for Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself").

## **DISCUSSION**

As an initial matter, the undersigned notes that Respondent concedes Petitioner has exhausted his administrative remedies with respect to his claims. [Doc. 12 at 4.] In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence. *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006); *see United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

**Commencement of Sentence**

Petitioner argues that although he was sentenced on August 30, 2013, his federal sentence should have commenced on July 1, 2011, the date the writ of habeas corpus ad prosequendum was issued, or March 18, 2012, the date the Missouri Board of Probation and Parole first indicated he would be paroled. [Doc. 1-1 at 1–3.]

A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a); *United States v. Evans*, 159 F.3d 908, 912 (4th Cir.1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). Here, Petitioner's 120-month term of federal imprisonment began on August 30, 2013, the date his federal sentence was imposed. [Doc. 12-1 at 47.] Because a federal sentence cannot commence prior to its imposition; Petitioner's federal sentence commenced on the earliest possible date.

**Credit for Prior Custody**

As stated, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . . " 18 U.S.C. § 3585(b). Section 3585(b), however, does not permit a district court to determine credit at sentencing. *Wilson*, 503 U.S. at 334. Rather, only the Attorney General, acting through the BOP, may compute sentencing credit. *Id.* at 334–35. In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The United States Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337. Thus, 18 U.S.C. § 3585(b)'s mandate is clear: prior custody credit cannot be awarded if the prisoner has received credit toward another sentence. *See United States v. Johnson*, 464 F. App'x. 112, 115 (4th Cir. 2012) (affirming that defendant was not entitled to credit for time he served in state custody); *United States v. Goulden*, 54 F.3d 774, *2 (4th Cir.1995) (holding the defendant was not entitled to credit for time spent in custody because it had been credited against his state sentence); *United States v. Brown*, 977 F.2d 574, *1 (4th Cir. 1992) (stating "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

Contrary to Petitioner's claim, he is not entitled to receive prior custody credit for the time he spent in custody starting on July 1, 2011, the date the USMS borrowed him from the state of Missouri under a writ of habeas corpus ad prosequendum, through August 30, 2013, the date he was sentenced in federal court. Prisoners who are in state custody and are removed on a federal writ of habeas corpus ad prosequendum are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit toward their state sentence. *See Evans*, 159 F.3d at 912; *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor

of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ ad prosequendum and citing a collection of case law). Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). *See Wilson*, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that the record shows that the petitioner received credit toward his state sentence for that same time period and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); *Tisdale v. Menifee*, 166 F.Supp.2d 789, 792 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences"). Consequently, Petitioner is not entitled to credit toward his federal sentence for the time he spent in custody on the writ of habeas corpus ad prosequendum.

Further, Petitioner is not entitled to receive prior custody credit on his federal sentence starting on March 18, 2012, the date the Missouri Board of Probation and Parole first indicated that he would be paroled. The Missouri Board of Probation and Parole determined that it was not possible for Petitioner to be released on March 18, 2012, because he was out on the federal writ. [Doc. 12-1 at 23.] The period of March 18, 2012, through September 30, 2013, was credited towards the satisfaction of his Missouri state sentences. [*Id.*] Because this period of time was credited by the Missouri Department of Corrections toward his state sentences, the BOP properly decided not to award Petitioner credit for the time served, as it would have contravened the proscription in 18 U.S.C.

§ 3585(b) against "double crediting". *Wilson*, 503 U.S. at 337; *see also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (Section 3585(b) "forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence"); *United States v. Arroyo*, 324 F.Supp.2d 472 (S.D.N.Y. 2004) (finding that the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence)*; United States v. Mojabi*, 161 F.Supp.2d 33, 36 (D. Mass. 2001) (holding "section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); *Bacon v. Federal Bureau of Prisons*, 2001 WL 34684734 (D.S.C. 2001).

The record reflects that the BOP's computation of Petitioner's time-served credits is in accordance with § 3585(b). Therefore, the Court concludes that Respondent's motion for summary judgment should be granted and the Petition should be dismissed because Petitioner's federal sentence has been computed correctly in accordance with applicable law.[3]

---

[3] To the extent Petitioner's response [Doc. 15] attempts to raise a claim regarding ineffective assistance of counsel and challenges the validity of his federal conviction, those claims are not appropriate in a petition pursuant to 28 U.S.C. § 2241. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); *In Re Jones*, 226 F.3d at 333. Petitioner notes that he failed to prevail on his previous § 2255 action; however, he does not assert that the remedy in his § 2255 action was inadequate or ineffective. [Doc. 15 at 3.] Because a § 2241 petition cannot be used as a substitute to challenge issues already dismissed by the sentencing court, the new issues raised in Petitioner's response will not be addressed herein. *In Re Jones*, 226 F.3d at 333.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 25, 2016
Greenville, South Carolina